

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. B. Caudle
County Attorney
Franklin County
Mount Vernon, Texas

Dear Sir:

Opinion No. O-1216
Re: Collection of court costs in
delinquent tax suits when
payment is made before final
judgment.

We are in receipt of your letter of July 31, 1939,
which reads, in part, as follows:

"Suit has been filed for collection
of a certain item of taxes on the delin-
quent tax roll. Service has not been per-
fected and no judgment has been taken. Tax-
payer tenders proper amount of taxes, penal-
ty, interest and tax collector's costs to
tax collector, but has not and refuses to
pay accumulated court costs on the suit.
Should the tax collector go ahead under
the above state of facts and issue a Re-
demption Certificate, as requested?"

Article 7324, Revised Civil Statutes, 1925, as
amended, provides that during the month of July of each year,
the tax collector shall mail notices to each delinquent owner
stating the amount of delinquent taxes as shown by the delin-
quent tax record due by such owner, the various amounts due,
and notify him that unless he shall pay the tax collector
the amount of taxes, interest, penalty and costs set forth
in the notice within thirty (30) days, the District or
County Attorney will institute suit for collection thereof
and foreclosure of the tax lien. After mailing the notice,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. B. Caudle, Page 2

the tax collector shall furnish duplicate copies of the notices to the County or District Attorney. This Article then continues as follows:

"Whenever any person or persons, firm or corporation shall pay to the Tax Collector all the taxes, interest, penalties and costs shown by the delinquent tax records of the County to be due and unpaid against any tract, lot or parcel of land for all the years for which taxes may be shown to be due and unpaid, prior to the institution of suit for the collection thereof, the Tax Collector shall issue to such person or persons, firm or corporation, a receipt covering such payment as is now required by law."

After the expiration of the thirty (30) days referred to in Article 7324, Article 7326, R. C. S., 1925, makes it the duty of the County Attorney to file suit in the name of the State of Texas to recover the taxes, interests, penalty and costs adjudged to be due and accrued in said suit, provided however that the Commissioners' Court may contract for the collection of said taxes as provided in Articles 7335, 7335a, R. C. S., 1925, as amended.

Article 7332, R. C. S., 1925, provides, in part, as follows:

"The County or District Attorney shall represent the State and County in all suits against delinquent taxpayers and all sums collected shall be paid over immediately to the County Collector."

Then follows specific provision enumerating the fees of the County or District Attorney, Sheriff or Constable, District Clerk or County Clerk. The Article then continues as follows:

"Provided that the fees herein provided for in connection with delinquent

Honorable F. B. Caudle, Page 3

tax suits shall constitute the only fees
that shall be charged by said officers
for preparing, filing, instituting and
prosecuting suits on delinquent taxes
and securing collection thereof, and all
laws in conflict herewith are hereby
repealed.

"In case the delinquent taxpayers
shall pay to the collector the amount of
delinquent taxes for which he is liable,
together with accrued interest, after the
filing of suit before judgment is taken
against him in the case, then only one-
half of the fees taxable in such a case
as provided for herein shall be charged
against him."

Article 7333, Revised Civil Statutes, 1925, pro-
vides that such fees shall be taxed as costs in said suit but
"in no case shall the State or County be liable therefor".
See Grant v. Ellis, (T. C. A., 1932) 50 S. W. (2) 1093.

Article 7339, R. C. S., 1925, which was enacted in
1897, provides as follows:

"Any delinquent taxpayer whose lands
have been returned delinquent or reported
sold to the State for taxes due thereon,
or anyone having an interest therein may
redeem the same at any time before his
lands are sold under the provisions of
this Chapter by paying to the collector
the taxes due thereon since January 1,
1885, with interest at the rate of 6%
per annum, and all costs and the penalty
of 10%.

It will be noted that Article 7324 requires the Tax
Collector to issue a redemption certificate or receipt upon
payment of all taxes, etc., "shown by the delinquent tax re-
cords . . . prior to the institution of suit for the collection
thereof." Article 7332 provides that where payment is made to
the collector "after the filing of suit before judgment is

77

taken" in the case, only half fees shall be charged, as costs in the case. We must determine then, when suit is "instituted" within the meaning of Article 7324.

It is stated in 1 Tex. Jur., p. 684, sec. 66, Actions, that:

"The ordinary civil suit in the District and County Courts is commenced by filing a petition, stating a cause of action, in the office of the clerk, with a bona fide intent, and with an express or implied request that process issue forthwith . . . Nor is a petition filed within the meaning of the statute (not referring to the statute here under consideration) so as to constitute the commencement of an action, by depositing it with the clerk subject to withdrawal by the plaintiff, or with instructions not to issue process."

In construing our limitation statutes wherein it is required that suit be commenced and prosecuted within a certain time, it is stated in Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645, that:

"All the elementary writers agree that, in order to stop the running of the statute of limitations by suits, not only must the initial step required by the statute be taken, but there must also be a bona fide intention that the process shall be served at once upon the defendant.

With reference to a statute requiring that suit be "instituted and prosecuted" within a certain time, the court in Ocean Accident and Guaranty Corporation v. May, (T. C. A., 1929) 15 S. W. (2) 594, stated:

"In our opinion the filing of the petition with the clerk of the proper court, with the bona fide intention that process shall be issued and served at once, is all that is necessary to comply with the statute. It is true that the statute says that if the

Honorable F. B. Caudle, Page 5

party fails to <u>institute</u> and <u>prosecute</u> the
suit within 20 days, the ruling and decision
of the board shall be final;  but we think
that the party appealing from the rulings
and decision of the board has complied with
this statute when he files his petition in
the proper court with the bona fide intent
that citation shall issue and be served at
once upon the defendant . . . We think fur-
ther that the word <u>prosecute</u> used after the
word <u>institute</u>, in the statute means nothing
more than as above held by us."

It is our opinion that the term "institution of suit"
is used in Article 7324 in the ordinary sense in which it is
usually construed by our courts and that suit is instituted
upon filing a petition with the bona fide intention that cita-
tion shall issue at once, or at least within a reasonable time.
Until suit is so instituted for the collection of the tax,
penalty, interest and costs for all the years for which taxes
may be shown to be due and unpaid, the tax collector is au-
thorized to issue the proper receipt upon payment of all taxes,
interest, penalties and costs shown by the delinquent tax re-
cords.

Although there is no specific provision prohibiting
the Tax Collector from issuing a receipt upon such payment
of all taxes and other charges as provided in Article 7324,
after the institution of suit, it is clearly contemplated and
implied in such statute that after institution of suit the
Tax Collector should not issue a redemption receipt upon pay-
ment or tender of only the taxes, interest, penalty and cost
"shown by the delinquent records".  When suit is "instituted"
and the tax is placed in litigation, the claim then becomes
one subject to the control of the County, District or other
attorney prosecuting such suit and its final disposition is
subject to his management and control.  Although Article 7332
apparently contemplates that delinquent taxes may be paid to
the collector after suit is filed and before final judgment
is taken, additional costs have accrued, that is one-half the
fees taxable where the case is prosecuted to final judgment.
These fees and court costs become additional cost to be
charged against the delinquent taxpayer.

Taking into consideration the apparent intention

Honorable F. B. Caudle, Page 6

of the Legislature as expressed in the foregoing statutes, it is our opinion that when suit has been "instituted" for the collection of delinquent taxes the County Tax Collector is not authorized or required to issue a redemption certificate upon tender of the proper amount of taxes, penalty, interest and Tax Collectors' fees without charging against such taxpayer the lawfully accrued court costs in said suit or until he is presented with satisfactory evidence showing said costs have been satisfied or proper disposition has been made of the suit.

The question of whether there has been an "institution of suit for the collection" of the tax, must depend upon the circumstances of each case as more fully discussed above.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:FL

APPROVED AUG 24, 1939
_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN